Name: Raymond Tittamnn, # 191298; Robert Whitney, # 296015
Address: 1 Kaiser Plaza, Suite 1010
City, State, Zip: Oakland, California  94612
Phone: 510-628-2145
Fax: 510-628-2146
E-Mail: raymond.tittmann@emhllp.com; robert.whitney@emhllp.c

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Taylor and Lieberman, an Accountancy Corporation

PLAINTIFF(S),

v.

Federal Insurance Company

DEFENDANT(S).

CASE NUMBER:

2:14-cv-03608-RSWL-SH

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that ___Taylor & Lieberman, an Accountancy Corporation___ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   ECF No. 35 (06/18/15) - Exhibit 1

☒ Judgment (specify):
   ECF No. 36 (06/18/15) - Exhibit 2

☐ Other (specify):

Imposed or Filed on _____. Entered on the docket in this action on _____.

A copy of said judgment or order is attached hereto.

July 16, 2015                           /s/ Raymond J. Tittmann
Date                                    Signature
                                        ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:**  The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party.  Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                           **NOTICE OF APPEAL**

# Representation Statement

**Counsel for Plaintiff-Appellant Taylor & Lieberman, an Accountancy Corporation**

    Raymond J. Tittmann
    Robert D. Whitney
    Edison McDowell & Hetheringon LLP
    1 Kaiser Plaza, Suite 1010
    Oakland, California 94612
    Telephone: 510-628-2145
    Fax: 510-628-2146
    Email: raymond.tittmann@emhllp.com
            robert.whitney@emhllp.com

**Counsel for Defendant-Appellee Federal Insurance Company**

    Gary J. Valeriano
    Kenneth D. Watnick
    Anderson, McPharlin & Conners LLP
    707 Wilshire Boulevard, Suite 4000
    Los Angeles, California 90017-3623
    Telephone: 213-688-0080
    Fax: 213-622-7594
    Email: gjv@amclaw.com
           kdw@amclaw.com

# EXHIBIT 1

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11  TAYLOR AND LIEBERMAN, an    )  CV 14-3608 RSWL (SHx)
    Accountancy Corporation.,   )
12                              )  **ORDER Re: Cross Motions**
              Plaintiff,        )  **for Summary Judgment on**
13                              )  **all Claims and Partial**
         v.                     )  **Summary Judgment on Some**
14                              )  **Claims**
    FEDERAL INSURANCE COMPANY,  )
15  a corporation,              )
                                )
16            Defendant.        )
                                )
17

18      The instant cross-motions for summary judgment
19 arise from Plaintiff Taylor and Lieberman's
20 ("Plaintiff" or "T&L") Motion for Partial Summary
21 Judgment [22] and Defendant Federal Insurance Company's
22 ("Defendant" or "FIC") Motion for Summary Judgment
23 [23]. The Court, having reviewed all papers submitted
24 pertaining to this Motion and having considered all
25 arguments presented to the Court, **NOW FINDS AND RULES**
26 **AS FOLLOWS**:
27      The Court **GRANTS** Defendant's Motion for Summary
28 Judgment [23] in its entirety. The Court **DENIES** [22]

                                1

Case 2:14-cv-03608-RSWL-SH Document 37 Filed 07/16/15 Page 5 of 17 Page ID #:593

Case 2:14-cv-03608-RSWL-SH Document 35 Filed 06/18/15 Page 2 of 11 Page ID #:577

1 | Plaintiff's Motion for Summary Judgment in its
2 | entirety.

### I. UNCONTROVERTED FACTS

This action stems from Plaintiff's claim against Defendant for breach of an insurance coverage contract. Both Plaintiff and Defendant agree that this case is appropriate for summary judgment, and that because this is a case of contract interpretation it must therefore be decided as a matter of law. The uncontroverted facts in this cross motion for summary judgment are as follows. Plaintiff Taylor & Lieberman is an accounting firm that performs services such as business management, account oversight, and tax planning and preparation various clients, including the client that was the victim of the fraudulent activity that led to this litigation ("Client"). Parties' Joint Stipulation of Uncontroverted Facts, 2:1-3. Part of Plaintiff's business management responsibilities included managing Client's financial accounts by issuing payments, transferring funds, having Power of Attorney (held by Edward Lieberman as the Principal) over funds, writing checks and wiring transfers. Id. at 2:4-8. Plaintiff purchased a Forefront Portfolio Policy ("the Policy") from Defendant Federal Insurance Company prior to the incident at issue. Id. at 2:9-11. The Policy was in effect from June 29, 2011 to June 29, 2012 no lapse in payments. Id.

The dispute arises from a perpetrator fraudulently

1  taking hold of Client's email account and sending wire
2  payment instructions via that email address to the
3  email account of Plaintiff's employee, Ms. Miller, on
4  or about June 4, 2012.  Id. at 2:14-22.  The requested
5  wire transfer was to an account at Maybank in Malaysia
6  in the amount of $94,280.00.  Id.  The email sent to
7  Ms. Miller's email account was signed with Client's
8  name typed at the end of the email.  Id.  Ms. Miller
9  believed the instructions to be from Client, so she
10 requested the transfer and sent a confirmation email to
11 Client.  Id.
12     Ms. Miller subsequently received another email from
13 the same Client's email address on June 5, 2012,
14 requesting that additional funds in the amount of
15 $98,485.90 be wired to the United Overseas Bank in
16 Singapore.  Id. at 2:25-3:3.  This email was also
17 signed with Client's name typed at the bottom.  Id.
18 The wire transfer was once again completed, and a
19 confirmation was sent to Client's email address.  Id.
20     Ms. Miller received a third email request for the
21 wiring of $128,101.00, purportedly from Client, but
22 from a different email address.  Id. at 3:6-10.  The
23 email instructed Ms. Miller to wire the funds to Hong
24 Leong Bank in Malaysia.  Id.  Ms. Miller was tipped off
25 by the different email address, and placed a call to
26 Client to confirm.  Id.  It was at this time that the
27 fraudulent scheme was discovered, and the third
28 transfer was not completed.  Id.

1    Plaintiff immediately tried to recover the first
2 two transfers, and was able to get $93,331.98 back from
3 the first transfer. Id. at 3:12-16. Plaintiff was
4 unable to recover anything from the second transfer.
5 Id. Thus, Plaintiff's add up to $99,433.92 after
6 Client withdrew its funds ($948.02 that were
7 unrecoverable from the first transfer, plus $98,485.90
8 from the second transfer). Id.
9    On June 11, 2012, Plaintiff tendered this loss
10 under the crime coverage of the Policy. Id. at 3:17-
11 19. On June 13, 2012, Defendant determined that
12 coverage was not afforded for this loss and denied the
13 claim. Id.

**II.  DISCUSSION**

**A.  Legal Standard**

16    Summary judgment is appropriate when there is no
17 genuine issue of material fact and the moving party is
18 entitled to judgment as a matter of law. Fed. R. Civ.
19 P. 56(a). A genuine issue of material fact is one in
20 which the evidence is such that a reasonable fact-
21 finder could return a verdict for the non-moving party.
22 Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).
23 The evidence, and any inferences based on underlying
24 facts, must be viewed in a light most favorable to the
25 opposing party. Diaz v. American Tel. & Tel., 752 F.2d
26 1356, 1358 n.1 (9th Cir. 1985).
27    Where the moving party does not have the burden of
28 proof at trial on a dispositive issue, the moving party

4

may meet its burden for summary judgment by showing an "absence of evidence" to support the non-moving party's case. Celotex v. Catrett, 477 U.S. 317, 325 (1986).

The non-moving party, on the other hand, is required by Federal Rule of Civil Procedure 56(e) to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Id. at 324. Conclusory allegations unsupported by factual allegations, however, are insufficient to create a triable issue of fact so as to preclude summary judgment. Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) (citing Marks v. Dep't of Justice, 578 F.2d 261, 263 (9th Cir. 1978)). A non-moving party who has the burden of proof at trial must present enough evidence that a "fair-minded jury could return a verdict for the [opposing party] on the evidence presented." Anderson, 477 U.S. at 255. In ruling on a motion for summary judgment, the Court's function is not to weigh the evidence, but only to determine if a genuine issue of material fact exists. Id.

**B. Analysis**

Plaintiff, as the insured, has the burden of proving coverage under the Policy. FDIC v. New Hampshire Ins. Co., 953 F.2d 478, 483-485 (9th Cir. 1992). Plaintiff argues that Defendant breached their contract because the Policy should have been honored under each of three different sections. Pl.'s Mot. 1:15-17. These sections are as follows: Forgery

5

1  Coverage (Coverage D), because the email constitutes a
2  forged signature (Mot. 1:23-27); Computer Fraud
3  Coverage (Coverage E), because the email sent to
4  Plaintiff constitutes a computer violation (Mot. 1:28-
5  2:2); and Funds Transfer Coverage (Coverage F), because
6  Plaintiff is a financial institution per a policy
7  covering "fraudulent written electronic instructions
8  issued to a financial institution" (Mot. 2:7-8).
9      The relevant coverage provisions, stated in full,
10 are as follows:
11     • Forgery Coverage: "The Company shall pay the
12       **Parent Corporation** for direct loss sustained by an
13       **Insured** resulting from **Forgery** or alteration of a
14       **Financial Instrument** committed by a **Third Party**."
15       Parties Stipulation of Facts Ex. B at 37 (emphasis
16       in original).
17     • Computer Fraud Coverage: "The **Company** shall pay
18       the **Parent Corporation** for direct loss sustained by
19       an **Insured** resulting from **Computer Fraud** committed
20       by a **Third Party**."  Parties Stipulation of Facts
21       Ex. B at 37 (emphasis in original).
22     • Funds Transfer Fraud Coverage: The **Company** shall
23       pay the **Parent Corporation** for direct loss
24       sustained by an **Insured** resulting from **Funds
25       Transfer Fraud** committed by a **Third Party**. Parties
26       Stipulation of Facts Ex. B at 37. (emphasis in
27       original).
28 Each of the bold terms is further defined in the

1   Policy.  Accordingly, each potential basis for coverage
2   requires extensive analysis to determine whether or not
3   it applies to the unique facts presented by the
4   fraudulent activity.  While the Court is skeptical
5   about Plaintiff's right to coverage under each of the
6   above provisions, it is unnecessary for the Court to
7   perform this full analysis.  Each of the three
8   provisions above applies only to "direct loss sustained
9   by an Insured."  For the reasons discussed below,
10  Plaintiff's losses do not, as a matter of law,
11  constitute direct loss.
12       To summarize, Defendant argues that Plaintiff does
13  not show that it suffered a direct loss because the e-
14  mails did not immediately and without intervening cause
15  result in a loss. Def.'s Mot.  2:24-28.  In fact,
16  argues Defendant, Plaintiff's loss only occurred after
17  the bank was unable to recover all of the lost funds
18  and the Client demanded payment from Plaintiff.  Id.
19  In essence, Plaintiff is attempting to recover for a
20  third-party loss.
21      A common use interpretation of direct loss provides
22  that a loss is not direct unless it follows immediately
23  and without intervening space, time, agency, or
24  instrumentality. Tooling, Mfg. & Techs. Ass'n v.
25  Hartford Fire Ins. Co., 693 F.3d 665, 674 (6th Cir.
26  2012) (hereinafter "TMA").  This principle has resulted
27  in differing approaches among the circuit courts, but
28  most courts, including those in this Circuit, have

indicated that *liability policies* may require an insurer to discharge an obligation of the insured to a third party for some act of the insured or its employee, while *indemnity policies* may not.[1]  See id.; see also  Vons Companies, Inc. v. Fed. Ins. Co., 57 F. Supp. 2d 933, 943 (C.D. Cal. 1998) aff'd, 212 F.3d 489 (9th Cir. 2000); Simon Mktg. v. Gulf Ins., 149 Cal.App.4th 616, 623 (2007); Valley Cmty. Bank v. Progressive Cas. Ins. Co., 854 F.Supp.2d 697, 709 (N.D.Cal.2012); Citizens Bank & Trust Co. v. St. Paul Mercury Ins. Co., No. CV305-167, 2007 WL 4973847, at *3-5 (S.D. Ga. Sept. 14, 2007); Fireman's Fund Ins. Co. v. Special Olympics Int'l, Inc., 249 F. Supp. 2d 19, 27 (D. Mass.) aff'd on other grounds, 346 F.3d 259 (1st Cir. 2003); Lynch Props., Inc. v. Potomac Ins. Co. of Ill., 140 F.3d 622, 629 (5th Cir. 1998); Direct Mort. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 625 F. Supp. 2d 1171, 1176 (D. Utah 2008); Tri City Nat. Bank v. Fed. Ins. Co., 2004 WI App 12, at *801-02 (2003).

---

[1] Many of these cases differentiate between "employee fidelity" policies, which constitute indemnity provisions that exclude third party liability, and liability policies which include third party liability. See Armbrust Int'l, Ltd. v. Travelers Cas. & Sur. Co. of Am., No. C.A. 04-212 ML, 2006 WL 1207659, at *8 (D.R.I. May 1, 2006) ("The policies cover injury to the insured, not a third party, a fact which significantly differentiates them from liability policies, which, as a rule, indemnify an insured against losses to a third party."). While the provisions at issue here are not employee fidelity policies, they are, for reasons discussed above, sufficiently similar that the case law is persuasive.

8

1    The Court concludes that the policies at issue in
2 the instant case should be analyzed similarly to
3 indemnity policies that do not provide third-party
4 coverage instead of liability policies that do provide
5 third party coverage, and that as such, Plaintiff has
6 not suffered a "direct loss." A reading of the Policy
7 indicates that the parties contracted to have liability
8 coverage for certain events and indemnity-type coverage
9 for other events. The liability coverage sections of
10 the Policy are expressly delineated as such and are
11 separated in an entirely different document than the
12 provisions of the Policy that Plaintiff claims cover
13 its losses in this case. See Parties' Stipulation of
14 Facts Ex. B at 13-26, 35-49. Further, the section that
15 contains the relevant provisions of the Policy, when
16 read in combination with the other provisions in that
17 section, more likely contemplates fraudulent violations
18 against Plaintiff that result in a "direct loss" of
19 Plaintiff's own money–not fraudulent violations upon
20 which Plaintiff relies that result in a loss of a
21 client's money, which Plaintiff wants Defendant to
22 reimburse. For example, the section of the Policy in
23 question also contains coverage for employee theft,
24 which is similar in nature to the "employee fidelity"
25 policies that have been comprehensively examined in the
26 long list of cases cited above. In response to this
27 line of argument, Plaintiff contends that its power of
28 attorney over Client's funds was tantamount to a bailee

9

1   or trustee power over the funds, and cites <u>Vons</u>, 57 F.
2   Supp. 2d at 941, for the proposition that such a power
3   means that a direct loss occurs when the funds are the
4   subject of fraud.  Pl.'s Opp'n at 21:16-28.  Defendant
5   refutes this argument, contending that Plaintiff was
6   not a bailee or trustee of the funds because they were
7   held not with Plaintiff but in a separate City National
8   bank account, and because the Power of Attorney was not
9   granted to Plaintiff but instead to an individual
10  representative of Plaintiff.  Def.'s Reply at 18:24-
11  19:7 (citing <u>Alberts v. Am. Cas. Co.</u>, 88 Cal. App. 2d
12  891, 898-899 (1948) and <u>Aetna Cas. Sur. Co. v. Kidder,
13  Peabody & Co.</u>, 246 A.D.2d 202 (N.Y. App. Div. 1998).
14  The Court finds Defendant's reasoning more persuasive.
15  If the funds had been held in an account owned or
16  attributed to Plaintiff, such as an escrow account (<u>see
17  Fidelity Nat'l. v. Nat'l Union</u>, 2014 WL 4909103, at *10
18  (S.D. Cal. Sept. 30, 2014)) and a hacker had entered
19  into Plaintiff's computer system and been able to
20  withdraw funds such that Plaintiff's accounts were
21  immediately depleted, then Plaintiff would be correct
22  in asserting coverage from the Policy.  Here, however,
23  a series of far more remote circumstances occurred:
24  Client gave Plaintiff power of attorney over Client's
25  money held in Client's own account; a perpetrator of
26  fraud motivated Plaintiff's agent to use the power of
27  attorney to transfer funds out of Client's account;
28  Plaintiff discovered this fraud and attempted to

10

recover the funds; Client requested repayment of the lost funds and Plaintiff obliged; Plaintiff now requests Defendant indemnify it for the losses that were transferred from Client to Plaintiff.  These are not the circumstances that dictated the results in Vons or Fidelity, and they are not the circumstances appear to be within the contemplation of the Policy.  See Pestmaster Servs., Inc. v. Travelers Cas. & Sur. Co. of Am., No. CV 13-5039-JFW MRWX, 2014 WL 3844627, at *8-10 (C.D. Cal. July 17, 2014) (no direct loss where a third party obtained insured's approval to initiate electronic funds transfers from insured's account and then misused the transferred funds).  Accordingly, Plaintiff has failed to meet its burden to show it is entitled to coverage under the Policy.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment shall be granted in its entirety, and Plaintiff's Motion for Summary Judgment shall be denied in its entirety.

**IT IS SO ORDERED.**

DATED: June 18, 2015

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

11

# EXHIBIT 2

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TAYLOR AND LIEBERMAN, AN ACCOUNTANCY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY, a corporation,<br><br>Defendant. | Case No. 2:14-cv-03608-RSWL (SHx)<br><br>**JUDGMENT** |

On June 18, 2015, this Court granted the Federal Insurance Company's ("Federal") Motion for Summary Judgment. Based on this order, Judgment is hereby entered as follows:

    1.    Plaintiff Taylor and Lieberman ("T&L") shall take nothing by this suit.

    2.    Judgment shall be entered in favor of Federal with respect to all of the claims in T&L's Complaint.

///

///

///

1268883.1 04855-327

JUDGMENT

3. Federal is entitled to an award of costs pursuant to Rule 54 of the Federal Rules of Civil Procedure.

The Clerk shall close this case.

**IT IS SO ORDERED.**

DATED: June 18, 2015

RONALD S.W. LEW
Hon. Ronald S.W. Lew
Senior U.S. District Judge